1  Mark Mahon
2  Mariners Rest,
3  Mariners View Avenue,
4  Passage West,
5  Cork,
   Ireland
6  Tel: + 353 87 742 4444
   Email: movieman1000@live.com
7
   *Pro Se*
8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | Mark Mahon, an individual, | Case No. 4:20-cv-01527-KAW |
13 | Plaintiff, | **MOTION TO AUGMENT PLAINTIFF'S EXHIBITS ATTACHED TO COMPLAINT WITH DECLARATION OF MARK MAHON; DECARATION OF MARK MAHON; EXHIBIT** |
14 | v. | |
15 | Entertainment One US LP.; Entertainment One Licensing US, Inc.; Entertainment One Ltd.; E1 Entertainment UK Ltd.; and DOES 1 - 15, | |
16 | | |
17 | | |
18 | Defendants. | |
19 | | Hon. Kandis A. Westmore, Magistrate Judge |

# MOTION TO AUGMENT PLAINTIFF'S EXHIBITS WITH DECLARATION

## Fed. R. Civ. P. 15(a)(1) and Local Rules 7-10

Pursuant to Rules 15(a)(1) of the Federal Rules of Civil Procedure allows for a party to amend its pleading once as a matter of course within 21 days after serving it and Local Rules 7-10 of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California allows for a party to file an Ex Parte motion. However, as opposed to amending Plaintiff's pleading, Plaintiff merely seeks leave from this Court for an order to augment the exhibits attached to its Complaint with a Declaration of Mark Mahon to be supplemented to same.

1. Plaintiff Mark Mahon filed his Complaint against Defendants for copyright infringement, infringement of right of the author, trafficking in illicit labels or packaging and conversion (the "Claims") on March 2, 2020.

2. Defendants Entertainment One Licensing US, Inc. were served on March 5, 2020.

3. Defendants Entertainment One US LP were served on March 9, 2020.

4. Defendants Entertainment One Ltd. were severed on March 10, 2020.

5. Defendant E1 Entertainment UK Ltd. were served on March 9, 2020.

6. Defendants, Entertainment One Licensing US, Inc.; Entertainment One US LP; Entertainment One Ltd.; E1 Entertainment UK Ltd. were served collectively on March 17, 2020.

7. This motion is being filed to support that the exhibits of evidence which were attached to the Complaint are true and accurate.

THEREFORE, Plaintiff respectfully requests an order to augment the exhibits attached to his Complaint with a Declaration of Mark Mahon.

DATED: March 20, 2020                    Respectfully submitted,

By: _____
Mark Mahon
*Pro Se*

1

CASE NO. 4:20-CV-01527-KAW ; MOTION TO AUGMENT PLAINTIFF'S EXHIBITS ATTACHED TO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND FACTS

Plaintiff Mark Mahon filed the lawsuit against Defendants Entertainment One Licensing US, Inc.; Entertainment One US LP; Entertainment One Ltd.; E1 Entertainment UK Ltd. (collectively referred herein as "Defendants") on March 2, 2020. Defendants were served the original Summons, Complaint, Order Setting Initial Case Management Conference and ADR Deadlines, and Consent to Magistrate Judge Jurisdiction on March 5, 2020, March 9, 2020, March 10, 2020 and March 9, 2020, respectively.

## II. RELEVANT LAW

Fed. R. Civ. P. 15(a) provides as follows:

>   (a) AMENDMENTS BEFORE TRIAL.
>
>      (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>         (A) 21 days after serving it

Local Rule 7-10 concerns "Ex Parte Motions". It provides as follows:

*Unless otherwise ordered by the assigned Judge, a party may file an ex-parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing or an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis. The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought.*

In the normal course of events, this motion could have been sought through Local Rule 7-11, which allows for a Motion for Administrative Relief and through Local Rule 7-12, Stipulations. However, I have had no response yet from Defendants and do not know who is representing them in the lawsuit.

| | |
|---|---|
| Dated: March 20, 2020 | Respectfully submitted, |
| | By: _____ |
| | Mark Mahon |
| | Mariners Rest, |
| | Mariners View Avenue, |
| | Passage West, |
| | Cork, |
| | Ireland |
| | Tel: +353 87 742 4444 |
| | Email: movieman1000@live.com |
| | |
| | *Pro Se* |

3

CASE NO. 4:20-CV-01527-KAW ; MOTION TO AUGMENT PLAINTIFF'S EXHIBITS ATTACHED TO

## DECLARTION OF MARK MAHON

I, Mark Mahon declare:

1. I am the Plaintiff in this matter and am representing myself on a Pro Se basis.

2. I make this declaration in support of Motion to Augment Plaintiff's Exhibits attached to Complaint with a Declaration of Mark Mahon, in order to support that the exhibits of evidence which were attached to the Complaint are true and accurate. This Declaration is attached hereto as Exhibit 1A. (p. 5 - 11.)

3. I have not been able to get a stipulation on this motion as I have not heard from the Defendants yet and do not know who is representing them in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 20th day of March, 2020.

_____
Mark Mahon

# EXHIBIT 1A

[5]

# DECLARATION OF MARK MAHON

I, Mark Mahon declare:

1. I am the Plaintiff in this matter and am representing myself on a Pro Se basis.

2. I make this declaration in support of the exhibits that were attached to my Complaint which was filed against Defendants, Entertainment One US LP., Entertainment One Licensing US Inc., Entertainment One Ltd., E1 Entertainment UK Ltd., and DOES 1 – 15 at the USDC Northern District of California on March 2, 2020.

3. Exhibit 1 is a true and correct copy of the only authorized, copyright protected 'STRENGTH AND HONOUR' cover/poster that was only ever legally approved for use.

4. Exhibit 2 is a true and correct copy of United States Copyright Certificate of Registration for the Motion Picture, STRENGTH AND HONOUR, no. PA 1-398-376, a certified copy by Comyn, Kelleher, Tobin Solicitors

5. Exhibit 3 are true and correct copies of photographs of me during my two year film festival promotional campaign taken from different film festival/film events all over the world.

6. Exhibit 4 is a true and correct copy of the Palace of Monaco that I received for a Royal screening of 'STRENGTH AND HONOUR' at the Palace of Monaco by His Serene Highness, Prince Albert, Sovereign Prince of Monaco. The photographs are true and correct copies at the Palace too.

7. Exhibit 5 are true and correct copies of photographs of me and the motion picture's leading actor, Michael Madsen on the Today Show in New York. We were invited on the show to discuss my motion picture 'STRENGTH AND HONOUR' on its own merits.

8. Exhibit 6 is a true and correct copy of the United States Copyright Certificate of Registration for the Screenplay of STRENGTH AND HONOR, no. TXul-289-556, a true copy certified by Comyn, Kelleher, Tobin Solicitors.

9. Exhibit 7 is a true and correct copy of my 'Agreement to Acquire Literary Material,' entered into on September 25, 2006. This true copy of the original is certified by Comyn, Kelleher, Tobin Solicitors.

10. Exhibit 8 is a true and correct copy of my 'Agreement to Acquire Authorship Rights,' entered into on September 25, 2006. This true copy of the original is certified by Comyn, Kelleher, Tobin Solicitors.

11. Exhibit 9 is a true and correct copy of my 'Notice of Contract Revocation' dated October 1, 2015, a true copy of the original certified by Comyn, Kelleher, Tobin Solicitors.

12. Exhibit 10 is a true and correct copy of an email delivering the key art PSD file for the only authorized 'STRENGTH AND HONOUR' cover, poster to Shoreline Entertainment, Inc. [Mainsail LLC], dated April 18, 2009.

13. Exhibit 11 is a true and correct copy of an email acknowledging receipt of Master elements from Visual Data in Burbank, California and a report of same, dated August 25, 2009.

14. Exhibit 12 is a true and correct copy of the Masters Report of the master elements that were provided to Visual Data in Burbank, California for the only legally authorized trailer, which shows awards won, dated October 15, 2010. This true copy of the original is also certified by Comyn, Kelleher, Tobin Solicitors.

15. Exhibit 13 is a true and correct copy of the illicit cover used in Ireland in or around January, 2010 in violation of my contract, copyright and moral rights.

16. Exhibit 14 is a true and correct copy of the illicit cover used by Defendants in violation of the Motion Picture's leading actor, Michael Madsen's contract, my contract, my copyright and Moral Rights.

17. Exhibit 15 is a true and correct copy of the "cease and desist" email sent to Mainsail LLC, dated January 30, 2010.

18. Exhibit 16 is a true and correct copy of the Final Warning email to Mainsail LLC dated January 31, 2010.

19. Exhibit 17 is a true and correct copy of the download link sent via YouSendIt, which included all of Maron Picture's agreements including plaintiff's, cast and crew contracts in relation to the Motion Picture, 'STRENGTH AND HONOUR' and was sent to Mainsail LLC/ShorelineEntertainment, Inc. on September 15, 2009.

20. Exhibit 18 is a true and correct copy of an email from Poonam Sahota of

Entertainment One to Maron Pictures, dated February 9, 2010.

21. Exhibit 19 is a true and correct copy of an email from Maron Pictures to Entertainment One stating that it was "not happy about proceeding with the current marketing and artwork" and is "a clear breach of Mr. Madsen's and [Plaintiff's] contract, dated February 12, 2010.

22. Exhibit 20 is a true and correct copy of an email from Maron Pictures to Entertainment One stating that "[Maron Pictures] never agreed on the phone that [Maron Pictures] would allow initial stock to go out", dated February 12, 2010.

23. Exhibit 21 is a true and correct copy of the back of the illicit cover used by Defendants in violation of the Motion Picture's leading actor, Michael Madsen's contract, my contract, my Copyright and my Moral Rights and describes my Irish motion picture as a "Brit flick".

24. Exhibit 22 is a true and correct copy of an email from Maron Pictures to Entertainment One pointing out the inaccuracies in their email on Mainsail's behalf and Maron Pictures seeking an opportunity to speak directly and to come to a meeting of minds, dated February 12, 2010.

25. Exhibit 23 is a true and correct copy of an email from Maron Pictures to Entertainment One seeking to schedule a call and then, the response from Entertainment One to Maron Pictures saying "the best and simplistic approach for us all is for communications to go through [Mainsail][.]" dated February 14, 2010.

26. Exhibit 24 is a true and correct copy of an email from Maron Pictures to Entertainment One seeking to have five questions answered, dated February 19, 2010.

27. Exhibit 25 is a true and correct copy of a read receipt from Entertainment One but the email was completely ignored, dated February 21, 2010.

28. Exhibit 26 is a true and correct copy of a Masters Report of the master elements of the Motion Picture that Maron Pictures provided to Visual Data in Burbank, California for the Motion Picture and award-winning trailer dated, October 15, 2010, a true copy of the original certified by Comyn, Kelleher, Tobin Solicitors.

3

1   29.   Exhibit 27 is a true and correct copy of an email from Maron Pictures to
2   Entertainment One notifying them that there was a "major dispute with Shoreline" over the
3   "unauthorized covers and trailer which violates [Plaintiff's] contracts, amongst other things" and
4   highlighting that Maron Pictures have had no accountability, dated December 17, 2010.

5   30.   Exhibit 28 is a true and correct copy of a read receipt from Entertainment One but
6   the email was completely ignored, dated December 17, 2010.

7   31.   Exhibit 29 is a true and correct copy of an email sent to Mark Stafford, copyright
8   solicitor and partner at Lee & Thompson LLP in London, showing that he was sent the 'Notice of
9   Contract Revocation' Letter in 2016 and before our meeting at his office to discuss same on
10  December 1, 2016, dated November 30, 2016.

11  32.   Exhibit 30 is a true and correct copy of a letter from Comyn, Kelleher, Tobin
12  Solicitors in Ireland confirming different companies still selling the Motion Picture with the illicit
13  cover dated, December 5, 2016.

14  33.   Exhibit 31 is a true and correct copy of a judgment received by Mainsail LLC,
15  Shoreline Entertainment Inc. and Sam Eigen dated December 9, 2016.

16  34.   Exhibit 32 is a true and correct copy of a proof of a commercial purchase from
17  'eOne' of Plaintiff's Motion Picture in 2016, in violation of his Copyright and Moral Rights.

18  35.   Exhibit 33 is a true and correct copy of a random email from Entertainment One
19  with a royalty statement attached, dated February 14, 2018.

20  36.   Exhibit 34 is a true and correct copy of the attached royalty statement showing
21  Entertainment One had collected GBP£354,428.75 or $462,281.42 from my motion picture,
22  STRENGTH AND HONOUR.

23  37.   Exhibit 35 is a true and correct copy of proof that Entertainment One were still
24  selling my Motion Picture, STRENGTH AND HONOUR via YouTube in 2019, in violation of
25  my copyright and Moral Rights, dated January 2, 2019.

26  38.   Exhibit 36 is a true and correct copy of a confirmation email from Visual Data that
27  they copied the Master elements provided to them, dated December 12, 2019.

28  39.   Exhibit 37 is a true and correct copy of an confirmation email from Visual Data in

4
CASE NO. 4:20-CV-01527-KAW ; DECLARATION OF MARK MAHON IN SUPPORT OF EXHIBITS ATTACHED TO COMPLAINT
[9]

1 | Burbank, California attaching a report and acknowledging the deliverables created from the
2 | source masters, dated December 16, 2019.

3 |     40.   Exhibit 38 is a true and correct copy of a report received from Visual Data in
4 | Burbank, California on December 16, 2019 confirming the deliverables they created from the
5 | source masters of STRENGTH AND HONOUR that Maron Pictures had provided them and, the
6 | dates and names of the companies they provided those illicit masters with, a true copy of the
7 | original certified by Comyn, Kelleher, Tobin Solicitors.

8 |     41.   Exhibit 39 is a true and correct copy of a financial demand issued to Entertainment
9 | One Ltd., dated December 12, 2019.

10 |     42.   Exhibit 40 is a true and correct copy of a letter from Moore, Chartered Accountants
11 | and Registered Auditors for Plaintiff, Mark Mahon confirming his actual costs/ expenditure,
12 | dated December 12, 2019.

13 |     43.   Exhibit 41 is a true and correct copy of a email from Erin of iTunes Store, Content
14 | & Internet Services Legal, Apple Inc. confirming that Entertainment One US LP gave my Motion
15 | Picture, STRENGTH AND HONOUR to them, dated January 2, 2020.

16 |     44.   Exhibit 42 is a true and correct copy of an email received from Simon Osborn,
17 | Head of Legal and Business Affairs for Entertainment One, dated January 8, 2020.

18 |     45.   Exhibit 43 is a true and correct copy of a reply email from Plaintiff, Mark Mahon
19 | to Simon Osborn confirming that he had also issued a 'Demand Letter' to Entertainment One at
20 | their Santa Monica, California office dated December 12, 2019 and that copyright infringement
21 | lawsuits were being drafted against several companies including Entertainment One US LP for
22 | infringing his copyright, dated January 10, 2020.

23 |     46.   Exhibit 44 is a true and correct copy of an email from Simon Osborn of
24 | Entertainment One advising me that they have discussed the matter with their licensor, Mainsail
25 | LLC, and that they are not in default, dated February 10, 2020.

26 |     I declare under penalty of perjury under the laws of the State of California that the
27 | foregoing is true and correct.

28 |

Executed this 20th day of March, 2020.

_____
Mark Mahon