# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK MAHON**, <br> Plaintiff, <br> vs. <br> **ENTERTAINMENT ONE US LP, ETC.**, <br> Defendants. | CASE NO. 4:20-cv-01527-YGR <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. Nos. 53, 56, 57, 59, 60, 65, 71, 74 |

Now before the Court is Defendants' motion to dismiss for lack of personal jurisdiction. (Dkt. No. 56.) Defendants have previously moved to dismiss on the same ground (Dkt. No. 34), and the Court granted the motion with leave to amend following a short period of jurisdictional discovery.[1] (Dkt. No. 52.) Plaintiff, proceeding pro se, filed an amended complaint on October 28, 2020, and Defendants renewed their motion to dismiss. (Dkt. Nos. 55, 56.) The Court ordered two rounds of supplemental briefing on issues that could potentially create personal jurisdiction. (Dkt. Nos. 62, 68.) Having now considered the evidence produced in jurisdictional discovery, the parties' arguments, and the two rounds of supplemental briefs, the Court finds that it lacks personal jurisdiction over Defendants and **DISMISSES** the case with prejudice.

As revealed by jurisdictional discovery, Defendants did not provide copies of the allegedly infringing film to any company in this district, but rather used the services of a UK-based agent to provide copies of the film for distribution in foreign territories.[2] (*See* Dkt. No. 56-2 at 6-8.) Even

---

[1] The background of this case, legal standard for personal jurisdiction, and relevant allegations are set forth in the previous motion to dismiss order. (Dkt. No. 52.)

[2] Entertainment One US LP's involvement, which formed the basis of the Court's order of jurisdictional discovery, appears to stem from its role in coordinating distribution under a memorandum of understanding. (Dkt No. 56-2 at 7.) Defendants' verified interrogatories confirm that eOne UK, not Entertainment One US LP, provided the film to the UK agent. (*Id*.

assuming, as Plaintiff contends, that the film wended its way through U.S.-based servers in the process, such transitory passage having start and end points outside the United States does not constitute "purposeful availment."[3] *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924-25 (2011) (collecting cases that reject "stream of commerce" theories of jurisdiction). Nor did Defendants' generic agreements with U.S.-based companies, which were negotiated abroad with foreign subsidiaries iTunes S.a.r.l. and "Google Inc. and/or Google Ireland," create a substantial connection to this forum. (*See* Dkt. no. 56-2 at 5, 8.) Last, although Defendants' agreement with Google provided for exclusive jurisdiction in this District, Plaintiff has not explained how his claims relate to the interpretation of that contract. (*See* Dkt. No. 69 at 1-2 (citing warranties and financial terms without explanation).) The Court therefore lacks basis to exercise personal jurisdiction over Defendants.

The parties' administrative motions to seal (Dkt. Nos. 57, 59, 65, 71) are **GRANTED**. The sealed material concerns confidential information regarding Defendants' corporate structure and business dealings with companies in this district. (*See* Dkt. Nos. 57-1, 60-1, 66.) Plaintiff's administrative motions to file supplemental evidence (Dkt. Nos. 71, 74) are **DENIED**. The parties should endeavor to include all relevant evidence and argument within the page limits provided by the Court and by the relevant deadlines. Plaintiff identifies no good case for submitting additional evidence outside of these parameters. Plaintiff's jurisdictional discovery (Dkt. No. 53) does not need to be filed on the docket and is terminated.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss with prejudice. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: April 8, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Plaintiff relies on a reference to "importing" the film on Apple iTunes from the UK agent. (Dkt. No. 58-3.) The Court takes judicial notice that "import" refers to both bringing from another country and to file transfers. *See Import*, M-W.com (accessed Apr. 7, 2021), *available at* https://www.merriam-webster.com/dictionary/import .